09-2466-ag
Tang v. Holder

BIA
Hom, IJ
A094 046 391

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of April, two thousand ten.

PRESENT:

      DENNIS JACOBS,
            *Chief Judge*,
      GUIDO CALABRESI,
      DEBRA ANN LIVINGSTON,
            *Circuit Judges*.

_____

LANYING TANG,
      *Petitioner*,

      v.                         09-2466-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Dehai Zhang, Flushing, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Heather S. Navarro, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Lanying Tang, a native and citizen of the People's Republic of China, seeks review of a May 19, 2009, order of the BIA affirming the July 10, 2007, decision of Immigration Judge ("IJ") Sandy Hom, which pretermitted her application for asylum, and denied her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Lanying Tang*, No. A094 046 391 (B.I.A. May 19, 2009), *aff'g* No. A094 046 391 (Immig. Ct. N.Y. City July 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). However, when the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA's decision, *i.e.,* minus the arguments for denying relief that the BIA rejected. *See Xue Hong Yang v. U.S. Dep't of*

2

*Justice,* 426 F.3d 520, 522 (2d Cir. 2005). Here, the BIA's decision focused on the IJ's holding that Tang failed to meet her burden of proof, making it unclear whether the BIA agreed with the IJ's alternative adverse credibility determination.  Under these circumstances, we dispose of Tang's case on burden of proof grounds and "assume, but do not determine" her credibility for purposes of our analysis. *Yan Chen,* 417 F.3d at 271.  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)*; Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

**I.  Asylum**

We dismiss the petition for review in part because we lack jurisdiction to consider Tang's challenge to the agency's pretermission of her untimely asylum application. *See* 8 U.S.C. § 1158(a)(3) (explaining that no court shall have jurisdiction to review any determination of the Attorney General regarding the timeliness of an asylum application under section 1158(a)(2)(B)).  Although we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), Tang raises no

such argument, essentially disputing the IJ's factual determination that she failed to demonstrate "extraordinary circumstances." *See* 8 U.S.C. § 1158(a)(3).

## II. Withholding of Removal

With respect to Tang's application for withholding of removal, we find that substantial evidence supports the agency's finding that she failed to meet her burden of proof. The agency reasonably found that Tang failed to corroborate her claim that she had been forced to have an abortion. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005) (finding that although an applicant can in some cases satisfy his burden of proof with his own testimony, "where the circumstances indicate that an applicant has, or with reasonable effort could gain, access to relevant corroborating evidence, his failure to produce such evidence in support of his claim is a factor that may be weighed in considering whether he has satisfied the burden of proof" (internal quotation marks omitted)); *see also* 8 U.S.C. § 1231(b)(3)(C). Moreover, the agency reasonably determined that Tang failed to establish a clear probability of future persecution based on any hypothetical future resistance to the population control policy. *See* 8

C.F.R. § 1208.16(b)(2); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Substantial evidence also supports the agency's finding that Tang was ineligible for relief based on her labor union activities. We find no error in the IJ's determination that Tang's three-day detention and 3,000 RMB fine do not rise to the level of persecution under the INA. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (explaining that the difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis"); *see also Joaquin-Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir. 2006) (upholding agency's determination that applicant was not eligible for withholding of removal based on "brief" detention after which he was released "without harm"). Nor did the agency err in concluding that Tang did not show a likelihood of future persecution based on her labor union activities because she "did not continue her union activities after being detained on one occasion," and did not show "that the Chinese authorities have continued to monitor her or her husband and son, who remain in China." Absent any such showing, we agree that Tang's claim was too speculative to merit relief. *See Jian Xing Huang*, 421 F.3d at 129.

Finally, Tang does not challenge the agency's denial of her CAT claim before this Court. Because addressing that claim does not appear to be necessary to avoid manifest injustice, we deem it waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk